## 63194. STONE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant appeals his conviction of three counts of violating the Georgia Controlled Substances Act. Evidence was presented at the bench trial showing that the police in a stakeout of a motel in Gordon County on another matter, observed the defendant drive into a nearby parking lot about 12:30 p.m. in a light blue Ford pickup truck and accompanied by another passenger, his cousin Gravitt. Defendant drove the truck abreast of an automobile already parked in the lot and was handed a brown paper bag by a passenger of the other vehicle. When the police officers approached the truck, defendant got out and his passenger (Gravitt) appeared "real nervous." The door on the passenger's side was open and in plain view on the truck floorboard, almost in the middle, was a brown paper bag with enough torn places in it for the officers to see "some white tablets, some white looking powder and some brownish material," in plastic bags inside. A six year veteran of the Calhoun Police Department, especially trained in drug enforcement, testified that he "had a suspicion" there were drugs in the bag, but did not know at that time. He then confiscated the bag and placed both men under arrest. Defendant and his passenger Gravitt were each indicted on three counts of violating the Georgia Controlled Substances Act. A motion to suppress all evidence seized by the arresting officers from the truck, which was shown to be owned by the mother of the passenger, was filed and, after a hearing, was granted as to the passenger but not as to the defendant. *Held:*

1. The transcript of the motion to suppress hearing shows that the trial court based its ruling on the direct testimony of the veteran

police officer that when he saw the torn paper sack containing the brownish and white substances, to his personal knowledge what he observed, "was not any controlled substance or was not anything that appeared to be a controlled substance," and that at that time there was no crime being committed in the officer's presence. Concluding that there was not sufficient probable cause to authorize a warrantless search and seizure of the vehicle, the court upheld the motion as to the passenger, Gravitt, but denied it as to the defendant on the ground that defendant "could have no reasonable expectation of privacy in the pickup truck owned by Mr. Gravitt's mother and therefore Stone's fourth amendment rights were not violated." Defendant argues that he had sufficient standing and a substantial expectation of privacy to entitle him to the same rights as the passenger, and since the evidence was illegally seized it was inadmissible against him as well as the passenger.

2. In the recent case of United States v. Salvucci, 448 U. S. 83 (100 SC 2547, 65 LE2d 619), the Supreme Court expressly overruled the premise that any person accused of criminal possession had "automatic standing" to claim the benefits of the exclusionary rule, and ruled that a defendant charged with a possessory offense who moves to suppress the items he is charged with possessing is now obligated to establish at the suppression hearing that the police conduct of which he complains violated his own Fourth Amendment rights (pages 86-95). Ownership of the seized contraband alone is not sufficient to entitle a defendant to challenge the search; he bears the burden of proving not only that the search was illegal but also that he had a legitimate expectation of privacy in the area searched. Rawlings v. Kentucky, 448 U. S. 98, 104-105 (100 SC 2556, 65 LE2d 633); Gilbert v. State, 159 Ga. App. 326 (283 SE2d 361).

The Supreme Court has previously pointed out "that cars are not to be treated identically with houses or apartments for Fourth Amendment purposes"; however there must still be a showing of a legitimate expectation of privacy in the searched area of the car in which persons are "merely passengers." Rakas v. Illinois, 439 U. S. 128, 148-149 (99 SC 421, 58 LE2d 387). The difficulty we have here is determining how the trial court, under the evidence presented by both defendants (Stone and his cousin, Gravitt) at the suppression hearing, concluded that Gravitt had a legitimate expectation of privacy in the pickup truck while Stone did not.

The evidence presented at the motion hearing showed that the defendant was driving the truck at the time it was searched, and his cousin was the passenger. The officer witness testified that after the truck was impounded the owner called two or three times, and later, "that she signed for the truck, and we gave it back to her. Jimmy

[defendant's cousin] was there, and he wouldn't sign for it." At trial, after the state presented its case, defense counsel renewed his motion to suppress admission of the lab report on the contraband found in the truck, and was again overruled. Evidence presented at trial showed that defendant and his parents lived next door to the owner, defendant's father and the owner being brother and sister. The owner purchased the pickup truck, although she could not drive it, "to have it to haul my garbage and stuff like that." The cousin made the actual purchase but his mother paid for it. The truck stayed at her house, usually with the ignition key in it; otherwise either defendant or her son (defendant's cousin Gravitt) had to get the keys from her. Both men, however, had equal access to use of the truck without asking permission. During the month the incident involved took place the cousin was living in an apartment some five or six miles away. For about ten days prior thereto the truck had been in defendant's possession, "down at his house" so he could do some repair work on it.

Since "the incriminating nature of the evidence must have [to be] immediately apparent," to the officers, there is evidence to support the trial court's ruling that the police officers lacked probable cause to conduct the warrantless search and seizure. *State v. Scott,* 159 Ga. App. 869, 870 (285 SE2d 599). Thus, the defendant's case rests solely on his standing to contest admission of evidence obtained thereby under Salvucci, Rawlings and Rakas, supra. See *Butler v. State,* 159 Ga. App. 895, 896 (1) (285 SE2d 610). From the evidence presented here we can reach but one inevitable conclusion: that both the defendant Stone and his cousin had equal access to the searched vehicle and that under the totality of the circumstances defendant's "legitimate expectation of privacy in the invaded place" was at least equal, if not superior, to the cousin. Compare *Patterson v. State,* 159 Ga. App. 290, 293-294 (283 SE2d 294), with *Gilbert v. State,* 159 Ga. App. 326, 327 (1), supra. It therefore follows that the trial court erred in denying defendant's motion to suppress, if not prior to trial, then after subsequent testimony plainly established defendant's standing to raise the question. See *Kilgore v. State,* 247 Ga. 70 (274 SE2d 332).

3. Absent admission of the illegally obtained evidence, the evidence was insufficient to support the verdict.

*Judgment reversed. Banke and Birdsong, JJ., concur in the judgment only.*

DECIDED JUNE 21, 1982.

*Kit Barron Bradshaw,* for appellant.
*Darrell E. Wilson, District Attorney, Gerard P. Verzaal, Mickey*

*R. Thacker, Assistant District Attorneys,* for appellee.