## 72416. GRIFFIN v. THE STATE.
(348 SE2d 577)

BEASLEY, Judge.

Convicted of possession of less than one ounce of marijuana (OCGA § 16-13-2 (b)), defendant appeals on the ground that the trial court erred in denying his motion to suppress the marijuana. His arrest and the search and the seizure of the marijuana are articulated to be in violation of the 1983 Ga. Const. Art. I, Sec. I, Pars. I, II & XIII and the Fourth and Fourteenth Amendments to the United States Constitution. Based upon the cases cited, the defendant's argument is narrowed to the contention that the state lacked probable cause within the meaning of the federal constitution.

A conservation ranger using binoculars observed the defendant, who was standing beside a stream, roll a cigarette from a small baggie containing a green leafy substance which because of its color the officer suspected to be marijuana. Defendant placed the baggie back in his jeans pocket. After lighting the cigarette, defendant and his two companions began to smoke it, passing it among each other. The officer, downwind of the smoke, detected an odor which he recognized as marijuana. When he approached the party, defendant threw the cigarette into the stream. The officer, after asking to see defendant's fishing license, arrested him and removed the baggie from his pocket.

A valid search may be made incident to a legal arrest when sup-

ported by probable cause. *Smith v. State*, 135 Ga. App. 424 (218 SE2d 133) (1975). Where it is immediately apparent that the item involved is contraband, an officer may seize what is in plain sight if he is in a place he is constitutionally entitled to be. *Cook v. State*, 134 Ga. App. 712, 715 (215 SE2d 728) (1975). As to what is immediately apparent, an officer need not rely only on sight but any of his senses may be used. *Berry v. State*, 163 Ga. App. 705, 708 (294 SE2d 562) (1982).

Here the officer's observation of the baggie containing a green leafy substance, the individuals passing the cigarette back and forth, the distinctive odor of the marijuana, and the defendant's tossing the cigarette away when the officer approached all combine to provide a totality of circumstances which is sufficient to establish probable cause. *State v. Medders*, 153 Ga. App. 680 (266 SE2d 331) (1980). The arrest and search predicated on such probable cause did not violate defendant's federal rights.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1986.

*Ben T. Smith, Jr.*, for appellant.

*Johnnie L. Caldwell, Jr.*, District Attorney, *J. David Fowler, Paschal A. English, Jr.*, Assistant District Attorneys, for appellee.