## A90A2338. SAMUEL v. THE STATE.

(402 SE2d 325)

BIRDSONG, Presiding Judge.

Appellant, Anthony Samuel, appeals his sentence and conviction of possession of less than one ounce of marijuana and possession of (crack) cocaine, a controlled substance.

At the suppression motion hearing, the State's sole witness, Detective Moore of the Chatham County Police, testified as follows: He received a tip from a confidential informant that a black male, later identified as appellant, would be in room 204 at the Master Host Inn in Savannah, Georgia, and would be in possession of a large but undetermined quantity of crack cocaine for sale. The black male would be operating a black BMW automobile. The informant also stated the black male was to meet two white males and a white female at the inn, and that these persons would be driving a brown Z-28 automobile. Detective Moore had previously worked with the informant who had given reliable information in the past which had resulted in arrests.

The police went to the inn between the early morning hours of 3:00 and 3:30 a.m. Detective Moore testified that after the police got to the motel "we verified all the information." Detective Moore first proceeded to check room 204, and he observed a white male, later identified as Alfred Morris Harold, "standing guard outside." Moore testified that in the area of drug control it is common for someone who is making a sale or anything that is drug related to have a lookout stationed outside the hotel room.

After watching the room, Moore determined "that there was someone in there." He then observed that the BMW automobile described by the confidential informant was "downstairs."

The police next went to the motel office to ascertain who and what vehicle was registered to room 204. Motel personnel verified that the vehicle belonged to the person occupying room 204.

As they were continuing to verify information in the motel office and attempting "to get together a search warrant," the police observed appellant leaving the motel in the black BMW which the confidential informant had told them about. Although they had never seen appellant actually enter or exit room 204, Detective Moore and his partner followed, and subsequently had a marked patrol unit stop appellant even though they did not observe him commit any traffic offenses. The detectives stopped appellant based on the information obtained from their confidential informant as verified by information obtained and observations made at the motel.

When the marked patrol unit turned on its "take-down" light and appellant started to exit his vehicle, Detective Moore "could see a bag hanging out of [appellant's] back pocket with green leafy material

in it." Moore immediately seized the bag, determined to his satisfaction that it was in fact marijuana, and then placed appellant under arrest for possession of marijuana. Thereafter appellant was searched and a clear plastic ziplock bag was found in his front pocket containing several pieces of an off-white, rock-like substance that subsequently tested positive for crack cocaine. After the search two white females were found in room 204.

Appellant with the trial court's consent subsequently entered a plea of guilty to both of the above counts upon condition he retain his right to appeal the denial of the motion to suppress. His sole enumeration on appeal is that the trial court erred in denying his suppression motion. *Held*:

1. The tip was received from a confidential informant who previously had provided reliable information resulting in arrests. Although not all of the information supplied by the informant was subsequently verified, the police did verify that: room 204 was occupied; a black BMW was parked "downstairs"; the BMW belonged to the person occupying room 204; and a black male, later identified as appellant, left the motel driving the black BMW. Additionally, Detective Moore observed, in the early morning hours, a white male who appeared to be acting as a lookout outside of room 204, and in his experience Moore was aware that lookouts were customarily posted outside motel rooms during drug activity therein. Thus, in addition to and independent of the *past reliability* of the confidential informant, "it is not unreasonable to conclude in this case that the independent corroboration by the police of significant aspects of the informer's predictions imparted some degree of reliability to the other allegations made by the caller." *Alabama v. White*, 496 U. S. ___ (110 SC 2412, 110 LE2d 301). Assuming arguendo that the information supplied by the previously reliable confidential informant was not sufficiently corroborated in this instance to provide *probable cause* to arrest and search appellant, when significant aspects of the confidential informant's information were verified, as here occurred, there was reason to believe not only that the confidential informant was honest with respect to the matter but also that he was sufficiently well informed to justify the *investigative stop* of appellant's automobile. Compare *Alabama v. White*, supra; *Jones v. State*, 195 Ga. App. 868 (2) (395 SE2d 69) and *Radowick v. State*, 145 Ga. App. 231 (1) (244 SE2d 346). Here, even more so than in *Alabama v. White*, supra, the tip provided to the police is sufficiently corroborated to furnish reasonable suspicion that appellant was engaged in criminal activity at the motel, and accordingly the timely investigative stop of appellant's automobile after he unexpectedly departed the crime scene did not violate the Fourth Amendment. *Alabama v. White*, supra, slip op. at 5. Moreover, the founded suspicion of the police, based on all the existing circum-

stances, that appellant was engaged in criminal activity at the motel provides a basis from which this court can determine that appellant's subsequent investigative stop was not based on arbitrary or harassing police conduct. See generally *Mallarino v. State*, 190 Ga. App. 398, 401 (379 SE2d 210).

2. As the investigative stop of appellant's automobile was lawful, the conduct of the police in this regard did not serve to otherwise taint appellant's subsequent arrest and search incident to arrest. As appellant exited his vehicle, Detective Moore immediately observed, hanging out of defendant's rear pocket and in plain view, a plastic bag containing a leafy green material therein. At this point, based on Detective Moore's obvious routine contact with contraband while performing police duties in the area of drug control and the information previously obtained and personal observations previously made by him, it would be immediately apparent that the substance in the bag was contraband.

The plain view doctrine will support a warrantless search and seizure if, as here, the agents are lawfully in position to obtain the view, the discovery is inadvertent, and the object viewed is immediately seen to be incriminating. *State v. Webb*, 193 Ga. App. 2, 4 (2) (386 SE2d 891); *Griffin v. State*, 180 Ga. App. 189 (348 SE2d 577). Contraband lawfully found in plain view need not be ignored and can be seized. See *Michigan v. Long*, 463 U. S. 1032, 1050 (103 SC 3469, 77 LE2d 1201).

3. Having lawfully seized the green leafy substance and having verified that it was marijuana, Detective Moore would then have probable cause to believe appellant had committed the offense of possession of marijuana and, accordingly, he could lawfully arrest appellant on that basis. See generally OCGA § 17-4-20 (a). Upon placing appellant in a state of lawful arrest, Detective Moore could and did conduct a search incident to arrest of the appellant's person. "When a custodial arrest is made, there is always some danger that the person arrested may seek to use a weapon, or that evidence may be concealed or destroyed. To safeguard himself and others, and to prevent the loss of evidence, it has been held reasonable for the arresting officer to conduct a prompt, warrantless 'search of the arrestee's person and the area "within his immediate control" — construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.' [Cits.] Such searches may be conducted without a warrant, and they may also be made whether or not there is probable cause to believe that the person arrested may have a weapon or is about to destroy evidence. The potential dangers lurking in all custodial arrests make warrantless searches of items within the 'immediate control' area reasonable without requiring the arresting officer to calculate the probability that weapons or destructible evi-

dence may be involved." *United States v. Chadwick*, 433 U. S. 1, 14-15 (97 SC 2476, 53 LE2d 538); see *Chimel v. California*, 395 U. S. 752, 762-763 (89 SC 2034, 23 LE2d 685). Accordingly, appellant was subjected to a lawful warrantless search of his person incident to his arrest that resulted in the lawful seizure of the crack cocaine.

The trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 12, 1991.

*William S. Lewis*, for appellant.

*Spencer Lawton, Jr., District Attorney, Peter B. Hoffman, Assistant District Attorney*, for appellee.