A91A1761. KEISHIAN v. THE STATE.
(415 SE2d 324)

COOPER, Judge.

We granted this interlocutory appeal from the trial court's denial of appellant's motion to suppress on the grounds that appellant lacked standing to contest the search. In two enumerations of error, appellant argues that the trial court erred in denying his motion to suppress, and contends that the evidence obtained from the car in which he was a passenger, as well as from his home, should not be admitted at trial.

Appellant was a passenger in a car that was stopped by a state

---

trooper because it was being driven without headlights. During the stop, the officer shined his flashlight into the car and noticed two plastic bags containing white powder on the floor behind the passenger seat. The driver and appellant were arrested, and an inventory search of the car yielded another plastic bag of suspected narcotics. Based upon a statement given to police by appellant, a search warrant for appellant's home was obtained, drugs were seized from his home and appellant was charged with possession of cocaine with intent to distribute and possession of other controlled substances. Appellant contends that he is entitled to automatic standing because possession is an essential element of the offense with which he is charged and further, that standing should be conferred because appellant alleged a possessory interest in the evidence seized as well as a legitimate expectation of privacy in the car in which he was riding. "In the . . . case of United States v. Salvucci, 448 U. S. 83 (100 SC 2547, 65 LE2d 619), the Supreme Court expressly overruled the premise that any person accused of criminal possession had 'automatic standing' to claim the benefits of the exclusionary rule, and ruled that a defendant charged with a possessory offense who moves to suppress the items he is charged with possessing is now obligated to establish at the suppression hearing that the police conduct of which he complains violated his own Fourth Amendment rights. . . . Ownership of the seized contraband alone is not sufficient to entitle a defendant to challenge the search; he bears the burden of proving not only that the search was illegal but also that he had a legitimate expectation of privacy in the area searched. Rawlings v. Kentucky, 448 U. S. 98, 104-105 (100 SC 2556, 65 LE2d 633); [Cit.] The Supreme Court has previously pointed out 'that cars are not to be treated identically with houses or apartments for Fourth Amendment purposes'; however there must still be a showing of a legitimate expectation of privacy in the searched area of the car in which persons are 'merely passengers.' Rakas v. Illinois, 439 U. S. 128, 148-149 (99 SC 421, 58 LE2d 387)." Stone v. State, 162 Ga. App. 654, 655 (2) (292 SE2d 525) (1982). See Sanders v. State, 181 Ga. App. 117 (1) (351 SE2d 666) (1986). Although appellant did assert in support of his motion to suppress that, for purposes of the motion, he claimed ownership of the bags found on the back floor of the car, the question of appellant's own standing to contest the search depends upon whether appellant had a legitimate expectation of privacy in the areas of the car from which the evidence was seized. Mere assertion of ownership in the items seized does not alone lead to the conclusion that a legitimate expectation of privacy exists. Appellant claimed no proprietary or possessory interest in the car itself. See Delgado v. State, 192 Ga. App. 356, 357 (384 SE2d 680) (1989). Appellant makes no assertion of authority to consent to the search of the car in the first instance. See Pupo v. State,

187 Ga. App. 765 (5) (371 SE2d 219) (1988). In fact, the driver of the car testified at the suppression hearing that he had given appellant, who was a friend, a ride to a parking lot with the intention of dropping appellant off and not waiting for appellant. Appellant got out of the car, and as the driver started to leave, appellant got back in the car. The driver stated that he asked appellant why he was getting back in the car, but he was in a hurry so he drove off with appellant in the car. All the evidence indicates that appellant was a mere passenger in the car, and as such, had no legitimate expectation of privacy therein. *Morgan v. State*, 195 Ga. App. 732 (4) (394 SE2d 639) (1990). " '[A]n individual who claims he is aggrieved by an illegal search and seizure only through the introduction of evidence secured by a search of a third person's premises has not had any of his Fourth Amendment rights infringed. [Cit.] [Appellant] had no legitimate claim to any expectation of privacy in the [car] searched and may not now assert a valid claim of illegal search and seizure. (Cits.)' [Cits.]" *Delgado*, supra at 357.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 7, 1992.

*Weinstock & Scavo, Michael Weinstock, Hillard J. Quint*, for appellant.

*Lewis R. Slaton*, District Attorney, *A. Thomas Jones, Richard E. Hicks*, Assistant District Attorneys, for appellee.