A94A0973. HINES v. THE STATE.
(448 SE2d 226)

Judge Harold R. Banke.

The appellant entered a guilty plea to possession of cocaine in violation of the Georgia Controlled Substances Act and obstruction of a police officer, expressly reserving his right to appeal the denial of his motion to suppress pursuant to *Mims v. State*, 201 Ga. App. 277 (410 SE2d 824) (1991). Consideration of the appellant's appeal is not foreclosed by *Hooten v. State*, 212 Ga. App. 770 (442 SE2d 836) (1994) since the conditional plea was not entered within 30 days of the effective date of *Hooten*. See id. at 775.

The following evidence was adduced at the suppression hearing: While on routine patrol after midnight in south Cobb County, Officer William Stephens observed Daniel Hammontree sitting in his car adjacent to a set of pay telephones outside a grocery store. Hammontree's presence raised Officer Stephens' suspicions because the store was closed, no one was using the pay phones, and the area was known for drug activity. Officer Stephens drove past the store and planned to turn his vehicle around to watch Hammontree, thinking that a drug transaction was about to occur. However, upon his return, Officer Stephens discovered that Hammontree had gone. Approximately five minutes later, Officer Stephens observed Hammontree driving on a nearby street. He initiated a traffic stop because the vehicle had an inoperative headlight and a plastic bag was positioned in place of its passenger-side window. Officer Stephens asked Hammontree to step to the rear of the car for questioning. After several minutes, the ap-

pellant, a passenger in Hammontree's vehicle, got out of the car and began to walk toward the officer and Hammontree. Officer Stephens asked the appellant to get back into the car because they were on a dimly lit street in an area known for drug activity and he did not want both men "back on [him] at the same time." Officer Stephens then noticed a rolled clear plastic sandwich bag partially sticking out of the appellant's pocket which contained a dark leafy-type substance the officer immediately suspected was marijuana based on numerous previous marijuana arrests. Officer Stephens testified that he considered the substance to be contraband in plain view and that he removed the bag from the appellant's pocket to confirm his belief. As the officer removed the bag, the appellant attempted to flee, but Officer Stephens apprehended the appellant approximately 50 feet away and placed him under arrest. Officer Stephens then obtained Hammontree's permission to search the vehicle. No contraband was found inside the vehicle; however, Officer Stephens discovered five small plastic bags, each containing a rock-like substance resembling crack cocaine, adjacent to the passenger door where the appellant previously stood. The appellant admitted that the marijuana belonged to him, but he denied any knowledge of the crack cocaine. Hammontree was neither arrested nor cited for traffic violations.

The appellant contends the trial court erred in denying his motion to suppress evidence regarding the crack cocaine in two respects. First, the appellant contends that since Officer Stephens declined to criminally charge Hammontree on traffic violations, evidence of their presence in an area known for drug activity was insufficient to establish reasonable articulable suspicion to authorize a warrantless arrest. The appellant also contends the search of his pockets exceeded the scope of the traffic stop or any proper frisk for weapons.

" 'When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them. (Cits.)' [Cit.]" *Barrett v. State*, 212 Ga. App. 745, 746 (443 SE2d 285) (1994). " ' "In determining when an investigatory stop is unreasonably pretextual, the proper inquiry . . . is not whether the officer *could* validly have made the stop but whether under the same circumstances a reasonable officer *would* have made the stop in the absence of the invalid purpose." [Cit.]' " *Caster v. State*, 210 Ga. App. 809, 810 (1) (437 SE2d 608) (1993). It is evident that the stop of a vehicle is authorized if an officer observes the commission of a traffic offense. *O'Keefe v. State*, 189 Ga. App. 519, 522 (1) (376 SE2d 406) (1988). Notwithstanding the evidence which showed that the vehicle was stopped in an area known for drug activity, the evidence demon-

strates, without dispute, that Officer Stephens observed Hammontree driving a vehicle with apparent equipment violations. See OCGA §§ 40-8-22 (a); 40-8-73 (a). Therefore, Officer Stephens acted reasonably in stopping the vehicle. It is of no consequence to this inquiry whether Hammontree was ultimately cited for these violations. See *Caster,* supra; *Minor v. State,* 180 Ga. App. 869, 870 (1) (350 SE2d 783) (1986). Accordingly, the trial court correctly determined that the reason given for the stop was not pretextual and that the stop was lawful.

Moreover, the contraband which was recovered at the scene was in plain view due to appellant's own actions. He voluntarily got out of the car, thereby exposing the bag of marijuana. See *Samuel v. State,* 198 Ga. App. 558 (402 SE2d 325) (1991). With regard to both the bag containing marijuana and the crack cocaine, Officer Stephens was "lawfully in position to obtain the view, the discovery [was] inadvertent, and the object viewed [was] immediately seen to be incriminating. [Cits.] Contraband lawfully found in plain view need not be ignored and can be seized. [Cit.]" Id. at 560.

We also reject the notion that Officer Stephens' questioning of Hammontree outside the vehicle went beyond the purpose for the stop thereby exceeding the scope of a brief *Terry* stop. See *Terry v. Ohio,* 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968). The appellant contends that by the time he got out of the vehicle the traffic stop should have been completed. Instead, Officer Stephens had begun questioning Hammontree about their activities prior to the stop. However, to the contrary, Officer Stephens testified on redirect examination that at the time the appellant got out of the car, he had not completed the traffic stop and his discussion with Hammontree outside the vehicle up to that time pertained to the purpose for the stop. " ' "[T]he credibility of the witnesses is for the judge's determination, where the trial judge hears the case without intervention of a jury." (Cit.)' [Cits.]" *In the Interest of S. R. B.,* 211 Ga. App. 336 (439 SE2d 105) (1993). Furthermore, brief questioning regarding Hammontree's presence in the area, under the circumstances of this case, would have been permissible under *Terry.* See *Bozeman v. State,* 196 Ga. App. 743 (1) (397 SE2d 30) (1990).

Based on the foregoing, we conclude that the trial court correctly denied the appellant's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 1, 1994 —
RECONSIDERATION DENIED AUGUST 22, 1994.

*Alice C. Stewart,* for appellant.

*Thomas J. Charron*, District Attorney, *Christina A. Craddock, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.