A01A1525. GRIFFIE v. THE STATE.
(553 SE2d 198)

MILLER, Judge.

Colin Griffie was indicted for trafficking in cocaine and moved to suppress the cocaine discovered on his person by police. The evidence revealed that police saw a small amount of cocaine on Griffie's person in plain view, so the trial court held that the subsequent arrest and search of Griffie were valid and denied the motion. In a bench trial police testified that they found 29.3 grams of cocaine in Griffie's underwear, and the trial court convicted Griffie of trafficking in cocaine.[1] Griffie appeals the denial of his motion to suppress, arguing that police were without authority to remove the small amount of cocaine from his person that led to his arrest and search. He contends further that the admission of any contraband at his bench trial was error.

In reviewing a trial court's order on a motion to suppress, we are guided by three principles:

> *First*, when a motion to suppress is heard by the trial judge, that judge sits as the trier of fact[ ]. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. *Second*, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly

---

[11] *Moore v. State*, 268 Ga. 420, 421-422 (2) (489 SE2d 842) (1997).
[1] See OCGA § 16-13-31 (a) (1).

erroneous. *Third,* the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[2]

So construed, the evidence shows that when Officer Hite observed a vehicle run a red light and fail to maintain its lane, he stopped the vehicle. Witnessing manifestations of cocaine influence in the driver, Officer Hite asked the driver to step out and to the rear of the vehicle and then requested and was granted consent to search the vehicle. To conduct the search, Officer Hite asked the car's passenger (defendant Griffie) to also step out and to the rear of the vehicle. As Griffie exited the vehicle, he turned away from Officer Hite and put his hands in his pants. The officer grabbed his arm and instructed Griffie not to put his hands in his pants. Nevertheless, as he and Officer Hite proceeded to the rear of the vehicle, Griffie again tried to put his hands in his pants, resulting in Officer Hite directing Griffie not to move.

Leaving Griffie with a second officer at the rear of the vehicle, Officer Hite turned to go search the vehicle, whereupon the second officer announced that Griffie "was messing with his pants again." Officer Hite turned back and witnessed the second officer immediately remove a small plastic bag containing cocaine from the belt area of Griffie's pants. Placing Griffie under arrest, Officer Hite searched Griffie's person and discovered additional drugs, including a baseball-sized amount of cocaine weighing 29.3 grams.

The trial court found that Griffie's repeated attempts to put his hands in his pants caused the second officer to focus closely on those pants and to discover in plain view in the belt area a small bag of cocaine that led to Griffie's arrest and subsequent search. Even though the second officer did not testify, Officer Hite's testimony was sufficient to allow the inference that such occurred. Accordingly, under the "any evidence" standard of review set forth above, we accept the trial court's findings in this regard.

Observing in plain view a plastic bag containing drugs in defendant's possession authorizes the warrantless seizure of those drugs and the arrest of defendant, so long as the officer was lawfully in position to obtain the view, the discovery was inadvertent, and the object viewed is immediately seen to be incriminating.[3] Here the evidence and inferences therefrom show that the traffic stop was justified, the discovery of the small plastic bag was caused by Griffie's own actions, and the visible white powder in the bag was incriminat-

---

[2] (Citations and punctuation omitted; emphasis omitted and supplied.) *Tate v. State,* 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[3] *Samuel v. State,* 198 Ga. App. 558, 560 (2) (402 SE2d 325) (1991).

ing. Having lawfully seized the baggie of cocaine, the officers had probable cause to arrest Griffie and to search his person incident to the arrest.[4] Accordingly, the trial court did not err in denying Griffie's motion to suppress and in allowing the contraband to be introduced at trial.[5]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 1, 2001.

*Douglas N. Fox*, for appellant.
*Patrick H. Head, District Attorney, Donald T. Phillips, Dana J. Norman, Assistant District Attorneys*, for appellee.

---

[4] Id. at 560 (3); see OCGA § 17-5-1 (a).
[5] *Samuel*, supra, 198 Ga. App. at 560-561 (3).