## A11A1909. MINOR v. THE STATE.
### (723 SE2d 702)

DOYLE, Presiding Judge.

Barrett Lee Minor was convicted of possession of cocaine.[1] He appeals the denial of his motion for new trial, arguing that the trial court erred by admitting his statement to police and that his trial counsel was ineffective. We affirm, for the reasons that follow.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[2]

So viewed, the record shows that Sergeant Chris Bender of the Douglasville Police Department was conducting a patrol of an area known for narcotics and drug-related activity when he observed Minor walking down the street. Upon seeing the officer, Minor, who had his left hand clenched into a fist, looked over his shoulder several times and increased his pace. Suspecting that Minor might have crack cocaine in his left hand, Bender, while still in his patrol car, asked Minor what he was holding.

Minor switched the contents of his left hand to his right, and then opened his left hand and displayed it to Bender. Bender then exited his vehicle, approached Minor, and asked him what he was holding in his right hand. Minor opened his hand and showed the officer a small "jeweler" bag commonly used to package crack cocaine, which bag contained several white rocks that Bender believed to be crack cocaine. Bender then handcuffed Minor, who denied that the items were crack cocaine.

Bender, concerned for his personal safety, then asked Minor whether he had "anything else on his person, any drug[-]related

---

[1] OCGA § 16-13-30 (a).

[2] (Citations, punctuation and emphasis omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

objects, anything that was sharp that was going to poke, prick, stick [the officer], [or] any weapons."[3] Minor replied that he had a crack pipe, nodding toward his right coat pocket, and Bender retrieved the pipe, which had a metal stem and white residue in the end.[4] Minor then reiterated that the rocks in the bag were not cocaine, but stated that the crack pipe was his. After cuffing Minor and finding the crack pipe, Bender closely examined the contents of the bag and noticed that "the rocks were very, very hard. Usually crack cocaine[,] if you pinch it through the bag, it's a little softer and might break[,] and [he] noticed them not breaking. So it appeared to be something of a hard substance, maybe a rock."

Bender transported Minor to the police department for booking, and Minor continued to deny that the rocks were cocaine, but admitted that he had the crack pipe. Subsequent laboratory testing indicated that the crack pipe taken from Minor contained cocaine residue.[5]

Minor was charged with possessing the cocaine contained in the crack pipe. He filed a motion to suppress, and the trial court held a *Jackson-Denno*[6] hearing immediately before trial, at which hearing trial counsel argued that Minor's statements to Bender should have been suppressed. The trial court ruled that the statements were admissible, concluding that the crack pipe would have been discovered inevitably and that Minor's statements to the officer were voluntary. The case proceeded to trial, and the jury found Minor guilty of possession of cocaine. This appeal follows the trial court's denial of Minor's subsequent motion for new trial.

On appeal, Minor argues that (1) the trial court erred by denying his motion to suppress his statement to Bender that he had a crack pipe in his pocket; and (2) trial counsel was ineffective by failing to move to suppress the crack pipe found in his pocket and his subsequent statements to Bender admitting possession of the pipe. These issues are intertwined, so we will address them together.

1. To review the trial court's ruling on the motion to suppress, we must evaluate the officer's encounter with Minor and his subsequent search of Minor's pocket.

There are three tiers of police-citizen encounters: consensual encounters; brief investigative stops requiring reasonable suspicion;

---

[3] Sergeant Bender testified that he was concerned because hypodermic needles and metal and/or glass crack pipes may pose dangers.

[4] The officer did not advise Minor of his *Miranda* rights before seizing the crack pipe or before Minor made his statements regarding the pipe.

[5] The rocks found in the bag were not tested, and instead were placed in an evidence bag and labeled as "fake cocaine rocks."

[6] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

and arrests that must be supported by probable cause.[7] In a first-tier encounter, "police officers may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave."[8]

Here, Bender approached Minor and asked him what he was holding; the officer did not direct Minor to open his hands, but instead merely questioned him. Minor was free to disregard the officer's questions and walk away, and Minor has pointed to no evidence of coercion. We conclude, therefore, that this initial interaction between Bender and Minor was a first-tier consensual encounter.[9]

After Minor opened his hand and displayed the bag containing several small rocks, the officer had probable cause to believe Minor possessed drugs because he reasonably believed them to be cocaine; accordingly, Bender was authorized to arrest Minor and place him in handcuffs.[10] Sergeant Bender's

> subsequent search of [Minor] was lawful as incident to his arrest. When a lawful arrest is effected[,] a peace officer may reasonably search the person arrested and the area within the person's immediate presence for the purpose of discovering or seizing the fruits of the crime for which the person has been arrested.[11]

Minor contends that his statement to Bender that he had a crack pipe in his pocket should be suppressed because he had not been *Mirandized* at the time the officer asked him whether he had any weapons or sharp, drug-related paraphernalia that could injure the officer. The State argues that Bender's questions regarding weapons did not constitute an interrogation regarding *Miranda* warnings.[12] Even assuming, however, that Minor's admission that he had a crack

---

[7] See *Buchanan v. State*, 259 Ga. App. 272, 274 (576 SE2d 556) (2003). See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

[8] (Punctuation omitted.) *Celestin v. State*, 255 Ga. App. 792, 793 (567 SE2d 82) (2002).

[9] See *White v. State*, 267 Ga. App. 200, 202 (2) (598 SE2d 904) (2004); *State v. Davis*, 206 Ga. App. 238, 239 (424 SE2d 878) (1992).

[10] See *Zeeman v. State*, 249 Ga. App. 625, 628 (2) (549 SE2d 442) (2001); *Samuel v. State*, 198 Ga. App. 558, 560 (3) (402 SE2d 325) (1991). Minor argues that Bender did not have probable cause because after effectuating the arrest, the officer subsequently inspected the rocks and determined that they were not likely to be crack cocaine. We find this argument unpersuasive.

[11] (Punctuation omitted.) *Bond v. State*, 271 Ga. App. 849, 853 (2) (610 SE2d 609) (2005).

[12] See *Smith v. State*, 264 Ga. 857, 859 (3) (452 SE2d 494) (1995).

pipe was the result of a custodial interrogation requiring a *Miranda* warning, the State is also correct that the pipe would have been discovered inevitably during the officer's search pursuant to Minor's lawful arrest.[13] Similarly, even if Minor's subsequent statements about the pipe following seizure of the item were improperly admitted, given the overwhelming evidence of Minor's guilt (based on the officer's proper discovery of the pipe in Minor's pocket), the admission was harmless.[14]

2. Minor argues that trial counsel was ineffective for failing to move to suppress the crack pipe found in his pocket and his subsequent statements to Bender regarding the pipe.

> To establish ineffective assistance of counsel under *Strickland v. Washington*,[15] [Minor] must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result would have been different but for the deficiency. . . . The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous. Additionally, a court is not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on one.[16]

As concluded in Division 1, neither admission of the crack pipe found in Minor's pocket nor Minor's subsequent statement to police about the pipe requires reversal. Thus, Minor's ineffective assistance of counsel arguments regarding trial counsel's failure to make a motion to suppress the evidence and statements are without merit because the failure to file a meritless motion does not amount to ineffective assistance.[17]

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

---

[13] See *McGhee v. State*, 303 Ga. App. 297, 300, n. 14 (692 SE2d 864) (2010).

[14] See *Baez v. State*, 297 Ga. App. 893, 895 (1) (678 SE2d 583) (2009).

[15] 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[16] (Citations and punctuation omitted.) *Jackson v. State,* 284 Ga. App. 619, 627-628 (11) (644 SE2d 491) (2007).

[17] See *Rector v. State*, 285 Ga. 714, 717 (6) (681 SE2d 157) (2009); *Cuvas v. State*, 306 Ga. App. 679, 681 (1) (b) (703 SE2d 116) (2010) ("When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion.") (citation and punctuation omitted).

DECIDED FEBRUARY 21, 2012.

*M. Paul Reynolds*, for appellant.
*David McDade, District Attorney, James A. Dooley, Steven C. Knittel, Assistant District Attorneys*, for appellee.