## A89A2150. WEST v. THE STATE.
(391 SE2d 673)

COOPER, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act by trafficking in cocaine. Appellant's sole enumeration of error is the trial court's denial of his motion to suppress.

The arresting officer testified that he received a call from a confidential informer, known by the officer to be reliable, who stated that two black males, driving a dark colored, older model car with one taillight out, were trying to sell crack cocaine. The informer stated that one of the individuals was wearing a black outfit with a white coontail cap; that the other individual was believed to be from the Riceboro area; and that he had seen cocaine in the presence of appellant. The officer immediately began to look for the vehicle in the general area indicated by the informant, and located a car fitting the description at a local club. When the vehicle left the club, the officer saw that it had one taillight out, that it was occupied by two black males, and that it was travelling in the direction of Riceboro. The officer stopped the car, and upon approaching the car, saw that appellant had on a black outfit, and that a white coontail cap was on the back seat of the car. The officer asked appellant, seated on the passenger side of the

vehicle, to step out of the car, at which time the officer noticed a plastic bag containing a cream colored substance protruding from the top of appellant's boot. The officer removed the plastic bag from appellant's boot, observed that the substance appeared to be crack cocaine, and placed appellant under arrest. During questioning at the police station, appellant gave a written statement that he got the cocaine from a man in a nightclub.

Appellant contends that the evidence seized during the stop and the subsequent confession should be suppressed. Appellant argues that the warrantless search was illegal because there was no probable cause to stop the car, and because the officer had time to get a warrant. We disagree. " 'Probable cause' is not the only standard to apply to the reasonableness of the stop of an automobile." *State v. Bassford*, 183 Ga. App. 694, 698 (359 SE2d 752) (1987). An individual's freedom to use public highways is circumscribed by the state's police power where the officer has specific and articulable facts which warrant a stop of the vehicle to investigate the circumstances which provoke a reasonable and founded suspicion. *United States v. Brignoni-Ponce*, 422 U. S. 873 (95 SC 2574, 45 LE2d 607) (1975). "[W]hat is a 'reasonable articulable ground' for the detention may be less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment. [Cit.]" *Allen v. State*, 140 Ga. App. 828 (1) (232 SE2d 250) (1976). In *Radowick v. State*, 145 Ga. App. 231 (3) (244 SE2d 346) (1978), this court held that where an officer has an articulable suspicion that the defendant possessed contraband by reason of the explicit and detailed information provided by an unknown informant, which was verified in part by the observations of the officer, a "*Terry*-type" stop is justified to obtain more information and investigate the circumstances that provoked the suspicion. In the case at bar, the officer had a reasonable and articulable suspicion, based on the detailed information provided by a *reliable* informant and the officer's subsequent verification of part of the information, that appellant would be transporting cocaine. Thus, the brief, investigatory stop was authorized. See *State v. Bassford*, supra.

The officer's search of appellant after the stop was also lawful. "Where it is immediately apparent that the item involved is contraband, an officer may seize what is in plain sight if he is in a place he is constitutionally entitled to be. [Cit.]" *Griffin v. State*, 180 Ga. App. 189, 190 (348 SE2d 577) (1986). The officer's observation of a plastic bag containing a cream colored substance in appellant's boot, and the officer's past experience in seeing cocaine, together with the information related to him by the informant, provided a totality of the circumstances sufficient to establish probable cause. *Griffin v. State*, supra. Accordingly, we find no error in the trial court's denial of ap-

pellant's motion to suppress.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 22, 1990.

*John E. Pirkle*, for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.