## A92A0455. THE STATE v. WATSON.

(422 SE2d 202)

JOHNSON, Judge.

This is an appeal by the state from the grant of the defendant's motion to suppress evidence in a prosecution for unlawful possession of cocaine with intent to distribute.

The arresting officer testified that at approximately 3:15 p.m. on February 13, 1991, he received information from a confidential informant to the effect that the defendant "would be leaving a place on Athens Highway, going to his residence on Tulip Drive, driving a brown Ford van, [and would then be] leaving his residence to go to a location on Azalea Lane, and would have in his possession of a quantity of cocaine." The officer stated that he did not know how the informant had obtained his information but that he (the informant) had provided information on two or three previous occasions which had resulted in "two arrests and seizure (sic) of cocaine."

In response to the informant's tip, police officers placed Tulip Drive and Azalea Lane under surveillance, and at approximately 3:45 p.m. the defendant was observed pulling onto Tulip Drive driving the described van. He apparently departed the van for approximately 30 minutes to go into his residence, following which he returned to his vehicle and drove to Azalea Lane, where he was immediately stopped and subjected to a search of his person. Although this search did not itself result in the discovery of any weapons or contraband, almost immediately thereafter, while still in detention, the defendant was observed attempting to place his foot over a plastic bag located on the ground beneath him. The bag was seized, and the defendant was placed under arrest when it was determined to contain cocaine. A more thorough search of the defendant's person was subsequently conducted at police headquarters, resulting in the discovery of a second bag of cocaine between his legs.

In its order granting the motion to suppress, the trial court concluded for the following reasons that the informant's tip did not establish probable cause to stop the defendant: "Pursuant to *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964) and *Wesley v. State*, 162 Ga. App. 737 (293 SE2d 27) (1982), where reliance is made on the statement of an informer, the officer must be able to establish the veracity of the informer or his information *and* there must be a showing of how or why the informer knew the information. Assuming the first prong has been met in this case, it remains to be established how the information was obtained. The second prong of the test may be established by showing how the information was obtained or by describing the criminal activity in such detail as to eliminate the possibility of the information being based on casual rumor or general reputation. . . . The Court finds that the tip [in this case], even when

corroborated by the actions of defendant, was insufficient to constitute probable cause. There was no evidence as to how the information was obtained by the informer, nor was there any evidence of a description of criminal activity. The information provided by the informer was nothing more than the location of defendant. Such information could have been based simply on knowledge of where defendant and his friends lived. Such information, without more, can be considered no more than casual rumor or general reputation." (Indentation omitted.)

In *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), the United States Supreme Court replaced the "two-pronged" test of *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964) with a more flexible "totality-of-the-circumstances" test, under which the existence of probable cause is determined by whether, "given all the circumstances . . . , including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, supra, 462 U. S. at 238. See *Felker v. State*, 172 Ga. App. 492, 494 (323 SE2d 817) (1984). Thus, in reaching the conclusion that probable cause did not exist for the defendant's detention, the trial court applied an unnecessarily strict legal standard. Moreover, probable cause is not, in any event, necessary to justify a brief investigative stop of an automobile. "An individual's freedom to use public highways is circumscribed by the state's police power where the officer has specific and articulable facts which warrant a stop of the vehicle to investigate the circumstances which provoke a reasonable and founded suspicion. *United States v. Brignoni-Ponce*, 422 U. S. 873 (95 SC 2574, 45 LE2d 607) (1975). '(W)hat is a "reasonable articulable ground" for the detention may be less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment. (Cit.)' [Cit.]" *West v. State*, 194 Ga. App. 620, 621 (391 SE2d 673) (1990).

The informant in the present case had previously provided information to police which had led to drug arrests and seizures, and the officers had established through their own personal observations of the defendant's movements the accuracy of the informant's information regarding his expected itinerary. We note that the informant's prediction in this regard was not merely that the defendant and/or his vehicle would be at a specific location at a particular point in time (compare *Felker v. State*, 172 Ga. App. 492 (4), supra; *State v. Taylor*, 144 Ga. App. 270 (241 SE2d 50) (1977)) but that he would proceed to a specific location *after first going to his residence*. The informant's ability to predict this activity certainly did not, in and of itself, suggest that the defendant was engaged in any criminal misconduct; however, it did tend to suggest that the defendant had in fact

picked up something at his home in order to take it to the second location. We hold that these circumstances, combined with the informant's assertion that the defendant would be in possession of cocaine, provided at least a reasonable and articulable basis for a suspicion that he was making a drug delivery and therefore justified a brief investigative detention.

The defendant's reliance upon *Salter v. State*, 198 Ga. App. 242 (1) (401 SE2d 541) (1990), as authority for a contrary ruling is misplaced. While we held in that case that the circumstances failed to establish probable cause for the defendant's arrest and the consequent search of his vehicle, there, as here, we determined that the circumstances "gave rise to an articulable suspicion of criminal wrongdoing sufficient to support an investigatory detention." Id. at 243. Because the limited investigative detention of the defendant which occurred in the present case led directly to the discovery of the contraband, without the necessity for a full scale search of his vehicle, we hold that his Fourth Amendment rights were not violated and that the trial court consequently erred in granting his motion to suppress.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 24, 1992 —
RECONSIDERATION DENIED JULY 31, 1992 —

*C. Andrew Fuller, District Attorney, Bernard E. Roberts III, William M. Brownell, Jr., Assistant District Attorneys,* for appellant.

*Thompson, Fox, Jolliff, Chandler & Homans, Joseph A. Homans,* for appellee.