## A93A0436. STATE OF GEORGIA v. POSTELL et al.

(433 SE2d 588)

POPE, Chief Judge.

This appeal arises from a civil forfeiture action filed by the State seeking forfeiture, pursuant to OCGA § 16-13-49, of $14,627.25 in United States currency, a 1984 Volvo 240 and a Beretta .380 caliber pistol.

On the day the subject property was seized, the officer of the Augusta police department in charge of this investigation testified he received information from a reliable informant that there was going to be a delivery of heroin to a certain address. The informant did not know who the carrier was going to be but gave the officer the name of certain individuals who might be the carrier. Joseph Postell, the individual from whom the subject property was seized, was not named by the informant as a possible carrier, but the officer testified that Postell had been mentioned as a carrier for drugs to the same address on other occasions. Another officer assigned to the investigation testified he had participated in the arrest of Postell on another occasion and Postell was in possession of drugs at the time of his arrest.

On the night the informant told the officer there was to be a delivery of heroin, the officer in charge of the investigation observed Postell driving on the same street and near the address where the delivery was to be made in the subject Volvo 240. When Postell was stopped, the officer approached his car and told him why he stopped him and asked if he could search his vehicle. Postell replied that he had nothing to do with the delivery and consented to the search. As Postell exited the vehicle, the officer saw the subject Beretta .380 pistol between the driver's seat and the console. At that time the officer moved Postell and his two passengers to the back of the vehicle. When he started to frisk Postell, Postell said, "I ain't got nothing on me but money." The officer instructed him to leave his hands on the car, but Postell reached into his jacket pocket and removed $353.25 in currency and two packages of heroin. Postell was then placed under arrest. As the officer continued the search of his person, he found $2,374 in another pocket of Postell's jacket and $12,000 in his pants pocket.

The trial court denied the State's request for forfeiture on the basis that probable cause was lacking "to stop, search, and seize the property of [Postell]." The State appeals that decision and, in its sole enumeration of error, contends the trial court erred in determining there was no probable cause for the initial stop of the vehicle.

1. The trial court erred in determining probable cause was needed to justify the initial investigative stop. " 'An individual's freedom to use public highways is circumscribed by the state's police power where the officer has specific and articulable facts which war-

rant a stop of the vehicle to investigate the circumstances which provoke a reasonable and founded suspicion. *United States v. Brignoni-Ponce*, 422 U. S. 873 (95 SC 2574, 45 LE2d 607) (1975). "(W)hat is a 'reasonable articulable ground' for the detention may be less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment. (Cit.)" (Cit.)' *West v. State*, 194 Ga. App. 620, 621 (391 SE2d 673) (1990)." *State v. Watson*, 205 Ga. App. 313, 314 (422 SE2d 202) (1992). We hold that because the officers who made the stop had reason to believe that a delivery of heroin would be made that evening to an address close to the area where Postell was stopped, knew Postell had been identified as a courier for drugs to that same address on another occasion and that Postell had been in possession of illegal drugs on at least one occasion, they had a reasonable articulable ground for stopping his vehicle.

As soon as an officer approached the vehicle and explained his reason for stopping Postell, he sought and received Postell's consent to search the vehicle. With regard to the search of Postell's person, because the officer observed a weapon in Postell's vehicle as he exited the vehicle, the officer reasonably had cause to believe that Postell might have other weapons and to conduct a pat down for weapons. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968); see *Bundy v. State*, 168 Ga. App. 90, 91 (308 SE2d 213) (1983). Because Postell pulled contraband and currency out of his pocket as soon as the officer began the pat down, Postell was then placed under arrest and the continuance of the search was incident to lawful arrest. For these reasons, we hold the trial court erred in determining that the search of Postell and his vehicle was illegal.

2. The State further argues that the subject property is contraband within the meaning of OCGA § 16-13-49. This contention exceeds the scope of the State's sole enumeration of error. Furthermore, as the trial court did not make a determination concerning whether the subject property was contraband, this contention presents nothing for appeal since this court is a court for the correction of errors. This contention should be addressed to the trial court upon remand.

*Judgment reversed and case remanded. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 10, 1993 —
RECONSIDERATION DENIED JULY 14, 1993 — ▮▮▮▮▮▮▮▮

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Scott A. Drake, Assistant District Attorneys*, for appellant.

*Christopher G. Nicholson,* for appellees.