S93G1660. POSTELL v. STATE OF GEORGIA.

(443 SE2d 628)

BENHAM, Presiding Justice.

After the State of Georgia initiated civil forfeiture proceedings pursuant to OCGA § 16-13-49 against an automobile, a pistol, and $14,627.25, petitioner Postell, the owner of the property, sought to suppress the seizure of the items, asserting they were the result of an illegal stop. In a somewhat confusing order, the trial court granted the motion to suppress after finding that the police did not have the reasonable, articulable facts necessary to stop petitioner's car, and concluding that the officers lacked probable cause to stop, search, and seize the property. The Court of Appeals reversed the trial court, finding that the officers had a reasonable, articulable suspicion to warrant a stop of petitioner's automobile (*State of Ga. v. Postell,* 209 Ga. App. 462 (433 SE2d 588) (1993)), and we granted certiorari to determine whether the Court of Appeals properly applied the articulable suspicion standard to the stop at issue.

Balancing the "inestimable right of personal security" against the interest of effective law enforcement, the U. S. Supreme Court has determined that a law enforcement officer may conduct a constitutional investigatory stop of an individual when the officer is "able to point to specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio,* 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968). Over a decade later, the Court restated the standard when it held that "[a]n investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. [Cits.]" *United States v. Cortez,* 449 U. S. 411, 417 (101 SC 690, 66 LE2d 621) (1981). The *Cortez* court went on to elaborate: based upon the totality of the circumstances, "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." Id. at 418. Thus, the inferences and deductions of a trained officer, drawn from objective observation, must "raise a suspicion that the particular individual being stopped is engaged in wrongdoing." Id. "This demand for specificity in the information upon which police action is predicated is the central teaching of [the Supreme] Court's Fourth Amendment jurisprudence." *Terry v. Ohio,* supra at 22, n. 18. See also *United States v. Cortez,* supra at 418.

In the case at bar, an Augusta police detective received informa-

tion from a person who had previously given information that had resulted in arrests, that a shipment of heroin (100 packets, each containing .1 gram), was to be delivered to 1307 Tenth Street in Augusta. The informant also gave the names of several persons who might serve as the courier. Postell was not among those so named. Aware that the address was that of a house long believed to be involved in the drug trade, the detective and several others staked out the address that afternoon. When the detective saw Postell driving down Tenth Street, he and the other officers used their vehicles to stop Postell's car approximately 100 yards from the site of the purported drug delivery. The detective did so because he recognized Postell as someone he had previously stopped several times, based on an informant's tip that Postell was a drug courier. However, the detective had never found Postell in possession of drugs. The detective informed Postell and his two companions[1] why they had been stopped and received consent to search the car. At that point, the detective and an accompanying officer spotted the handle of a gun stuck between the driver's seat and the console. A pat-down search of Postell uncovered the subject cash and 2 packets, each containing .1 gram of heroin.

The issue critical to a determination of the validity of the stop is whether the detective had "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, supra. In support of its finding that the police did not have the reasonable, articulable facts necessary to stop Postell's car, the trial court pointed out that Postell was not among those identified by name by the informant as the courier bringing drugs to 1307 Tenth Street that day, and that the searching detective had never found drugs on Postell, despite having been given information to the contrary. Thus, while the detective had reliable information that a heroin delivery was going to be made to a particular house on a particular day by one of several particular persons, he had no particularized and objective basis for suspecting Postell, a man he saw driving down the street, of criminal activity.

In its review of the trial court's decision, the Court of Appeals concluded that the detaining officers had a reasonable, articulable ground for stopping Postell's car because they

> had reason to believe that a delivery of heroin would be made that evening to an address close to the area where Postell was stopped, knew Postell had been identified as a courier for drugs to that same address on another occasion and

---

[1] It was ascertained during the stop that Postell's passengers lived at 1301 and 1385 Tenth Street.

that Postell had been in possession of illegal drugs on at least one occasion. . . .

209 Ga. App. at 463. Postell's presence 100 yards from the staked-out target does not link him to the purported delivery of contraband. The detective's suspicion of Postell based on earlier informant reports cannot be classified as reasonable in light of the fact that the previous reports had not been found to be accurate. Finally, the record does not support the observation that Postell had previously been found in possession of illegal drugs. At the suppression hearing, an officer was asked if Postell had ever been in possession of drugs when the officer had participated in a stop of Postell. The officer replied, "On the date that we arrested him on the 28th he was." "The 28th" was the day of the stake-out in which Postell was ensnared. Thus, his possession of .2 grams of heroin on that day could not serve as a reasonable, articulable ground for stopping Postell's car that day.

Inasmuch as the detaining officers did not have a particularized and objective basis for suspecting Postell of criminal activity when they stopped him, his detention was an unreasonable intrusion into his constitutionally-protected right of personal security.

"No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." [Cit.]

*Terry v. Ohio*, supra at 9. We conclude, as did the trial court, that the grant of petitioner's motion to suppress was appropriate. Accordingly, the judgment of the Court of Appeals must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 6, 1994.

*Chris G. Nicholson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.