## A95A1224. McFADDEN v. THE STATE.
(461 SE2d 542)

SMITH, Judge.

Casey Louis McFadden a/k/a K Dog was indicted by a Richmond County grand jury for possession of cocaine, OCGA § 16-13-30, possession of a firearm while in possession of cocaine, OCGA § 16-11-106 (b) (4), and carrying a concealed weapon, OCGA § 16-11-126. He was tried by a jury and found guilty on all counts. His motion for new trial was denied, and he appeals.

1. McFadden enumerates as error the denial of his motion to suppress evidence. At the hearing on the motion, a Richmond County sheriff's deputy testified that he was at the county vehicle shop when he was contacted by a confidential, reliable informant who had provided information leading to at least five arrests and seizures of drugs within the past six months. This informant told him that an individual known as Casey was or had been dealing drugs and that he could see Casey "right now" at a known drug area, a car wash located a short distance from the county shop. The informant also stated that Casey was driving a white Oldsmobile with a particular license plate number. The deputy drove to the car wash within "about a minute" and observed the vehicle as described by the informant at the car wash. He approached a man standing by the vehicle and asked his name. The man identified himself as "Casey." He had his hands in his pockets, and the deputy patted him down before he let him go to his car to retrieve his identification. During the pat-down, the deputy felt and removed a loaded .380 pistol from McFadden's pants pocket; he then placed McFadden under arrest for possession of a concealed weapon. During the search incident to McFadden's arrest, the deputy also found cocaine.

McFadden contends the officer's investigatory stop and search were illegal because the informant did not state that McFadden was dealing drugs at the time he was observed and did not mention the presence of a weapon. These contentions have no merit. " 'Momentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment. An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing. [Cit.]' [Cit.]" *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314) (1991). Officers are not required to refrain from acting on a reliable informant's tip merely because they are not told by the informant that a drug transaction is in progress at that

very moment. See, e.g., *Pittman v. State*, 208 Ga. App. 211, 218 (7) (430 SE2d 141) (1993) (reliable confidential informant had seen cocaine in suspect's vehicle "that day"). There need be only a "fair probability" that contraband will be found in a particular place. Id. at 219.

In *Samuel v. State*, 198 Ga. App. 558, 559 (1) (402 SE2d 325) (1991), this court affirmed the denial of a motion to suppress evidence obtained by means of a tip from a confidential informant with a record of providing reliable information. While not all the information supplied by the informant was verified, verification of the location, vehicle, and general description of the individual was considered sufficient to support an investigative stop. Id. In the case before us, the deputy also confirmed McFadden's identity before proceeding with his inquiry. See also *Bentley v. State*, 214 Ga. App. 580 (448 SE2d 479) (1994).

With respect to McFadden's contention that the deputy had no basis for conducting a pat-down of his person for weapons, "[i]t has long been recognized that an officer with an articulable suspicion sufficient to authorize an investigative detention of a suspect is not constitutionally required to place himself in jeopardy and may, under certain circumstances, conduct a preliminary search for weapons." (Citations and punctuation omitted.) *Tedford v. State*, 213 Ga. App. 252, 255 (444 SE2d 156) (1994). It is not unreasonable for officers to anticipate that a suspected drug dealer may be armed, and this court has observed that investigative detentions of suspects involving vehicles are "especially fraught with danger to police officers." *State v. Jarrells*, 207 Ga. App. 192, 193 (3) (427 SE2d 568) (1993). This is particularly true when the suspect has his hands in his pockets. Once the deputy discovered the concealed weapon, he was authorized to place McFadden under arrest and conduct the more intrusive search incident to arrest that revealed the cocaine. *Tedford*, supra.

On review of a decision on a motion to suppress, we will construe the evidence most favorably to uphold the trial court's findings, and we will adopt the trial court's determinations on disputed facts and credibility if there is any evidence to support them. *State v. Corley*, 201 Ga. App. 320 (411 SE2d 324) (1991). The evidence in the record supports the trial court's ruling, and the denial of McFadden's motion to suppress was not error.

2. McFadden acknowledges his enumerations on the general grounds "necessarily are dependent" on a determination that his motion to suppress should have been granted, apparently conceding that the evidence, if admitted, was sufficient to convict him. As noted in Division 1, above, the trial court properly denied McFadden's motion to suppress. Moreover, " 'in making a determination as to the sufficiency of the evidence the appellate court considers the evidence in

its entirety, including, not excluding, that admitted on trial but found inadmissible on appeal. (Cit.)' [Cit.]" *Rosser v. State*, 211 Ga. App. 402, 406 (2) (439 SE2d 72) (1993). Accordingly, these enumerations of error present nothing for review. Id.

3. In McFadden's final enumeration of error, he contends he is entitled to a new trial because his trial counsel failed to render effective assistance. The trial court heard extensive testimony on this issue at the hearing on the motion for new trial and found that McFadden's trial counsel was not ineffective in his representation. We are limited in our review of this issue to determining whether the denial of McFadden's motion for new trial on this basis was clearly erroneous. See, e.g., *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986). "We have reviewed the transcript of that hearing (at which trial counsel testified) and find sufficient evidence to support the trial court's conclusion that [McFadden] failed to show ineffectiveness under the standards of *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). [Cit.]" *Scott v. State*, 263 Ga. 300 (2) (432 SE2d 107) (1993).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JULY 12, 1995 —
RECONSIDERATION DENIED AUGUST 8, 1995.

*Sam B. Sibley, Jr.*, for appellant.
Casey L. McFadden, *pro se.*
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.