## A96A0988. RIDER v. THE STATE.
(475 SE2d 655)

BEASLEY, Chief Judge.

Rider was convicted by a judge of two counts of possessing methamphetamine, a Schedule II controlled substance (OCGA §§ 16-13-26 (3) (B); 16-13-30 (a)), and one count of driving while methamphetamine was present in his urine (OCGA § 40-6-391 (a) (6)). He enumerates as error the denial of his motion to suppress evidence resulting from an illegal search. "On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. [Cit.]" *Burse v. State*, 209 Ga. App. 276 (433 SE2d 386) (1993).

The day before the arrest, Agent Cochran of the Appalachian Drug Task Force had contact with a confidential informant who stated Rider had a drug problem. The informant expressed concern for Rider's welfare, saying he was in need of assistance. He also said Rider would be using or carrying drugs "anytime" he was on Black Mountain Road, a rural unpaved road three or four miles long. The confidential informant had given Cochran information four previous times leading to two search warrants and five felony arrests. He had never given unreliable information. Although the informant did not state any specific day or time when Rider might be on the road, Cochran went to Black Mountain Road the next day specifically to look for Rider.

Cochran had long known Rider socially and was familiar with the pickup truck he drove. He saw Rider at the residence of Walker, whom Cochran had arrested four months earlier on drug charges. The informant had not told Cochran that Rider would be there. Rider stood outside the residence speaking with Walker for approximately 20 minutes and then left in his pickup truck. Cochran stopped Rider shortly thereafter and said he was suspected of possessing drugs. Rider stated he did not have any drugs and that Cochran could search him and his truck. Cochran did so and discovered methamphetamine in Rider's wallet.[1]

The court determined that Cochran had sufficient reasonable and articulable suspicion to stop Rider based on the informant's information and on his observation of Rider at the residence of a suspected drug dealer on a road where Rider was expected to be. Rider agrees that the proper test was used in measuring the initial stop (*Terry v. Ohio*, 392 U. S. 1, 23 (88 SC 1868, 20 LE2d 889) (1968)) but contends it was erroneously applied. He does not dispute that he con-

---

[1] The second possession charge was based upon the methamphetamine in his body, for which he received no sentence.

sented to the search but argues that his consent was ineffective because it was the product of an illegal detention. *VonLinsowe v. State*, 213 Ga. App. 619, 622 (2) (445 SE2d 371) (1994).

" 'Momentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment. An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing. (Cit.)' [Cit.]" *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314) (1991). Whether there are reasonable grounds sufficient to justify an investigatory stop is judged in the totality of the circumstances. *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990); *Britton v. State*, 220 Ga. App. 120, 122 (469 SE2d 272) (1996).

Rider contends the informant's tip furnished only general, unspecific information insufficient to give Cochran reasonable grounds to stop him, and that the tip was the sole basis for the stop. Cochran did not act solely on the tip. During cross-examination, Cochran responded in the negative to the question: "Was there any reason that you had to stop his vehicle other than the information that you had received from the informant the day before?" But this was after Cochran had testified that his knowledge of Walker's background did factor into his decision to stop Rider. The court accepted this statement; the order denying the motion cites that knowledge as one factor justifying the stop. Given the context of each statement, the court did not clearly err in its finding. *Burse*, supra.

The informant related to Cochran a place (a named, short, rural road) and that the suspect would be carrying, or using, drugs in that place. The informant knew Rider well enough to know these things, and that he had a drug problem and was concerned about it. A clear inference from the tip was that Rider obtained drugs somewhere on Black Mountain Road. Before acting, Cochran verified Rider's identity and the location given by the informant, and gained the additional information that Rider was talking to a person involved with drugs. See *McFadden v. State*, 218 Ga. App. 327, 328 (1) (461 SE2d 542) (1995).

As to the tip's non-specific time element, the information was not stale; Cochran investigated the very next day. The informant's expressed concern for Rider's well-being and his action in calling the police allows an inference that Rider was then regularly engaged in drug activity. "Officers are not required to refrain from acting on a reliable informant's tip merely because they are not told by the infor-

mant that a drug transaction is in progress at that very moment. [Cit.] There need be only a 'fair probability' that contraband will be found in a particular place. [Cit.]" Id. at 327-328 (1).

This is not a case in which an officer stopped a vehicle based solely upon an anonymous tip, see *Moreland v. State*, 204 Ga. App. 218 (418 SE2d 788) (1992), but rather one in which the tip came from a known, reliable informant. See *Beck v. State*, 216 Ga. App. 532, 535 (1) (455 SE2d 110) (1995); *Burse*, supra at 277-278. Cochran's observations of Rider augmented the information.

Rider contends that even a tip from a reliable, confidential informant must provide some basis for predicting the specific future behavior of the suspect. This applies to an *anonymous* telephone tip, see *McKinley v. State*, 213 Ga. App. 738, 739-740 (445 SE2d 828) (1994), not to a tip from a known, reliable informant. In *Watson v. State*, 205 Ga. App. 313, 314 (422 SE2d 202) (1992), which Rider cites, the Court only noted that the predictive value of the confidential informant's tip was a factor in finding articulable suspicion in the "totality of the circumstances." The purpose of requiring that an anonymous tip give predictive information is to allow the police a means to test reliability before acting on the broader prediction that the suspect is engaged in criminal activity. *McKinley*, supra at 740. Imposing such a requirement is unnecessary where, as here, the informant's reliability is otherwise established.

The information Cochran possessed from all sources established more than "a fair probability" that drugs would be found in Rider's possession, and the stop was not arbitrary or harassing. The motion was properly denied.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 12, 1996 —
RECONSIDERATION DENIED AUGUST 27, 1996.

*Thompson, Fox, Chandler, Homans & Hicks, David A. Fox*, for appellant.

*Albert F. Taylor, Jr., District Attorney, Darrell E. Wilson, Mary E. Moore, Assistant District Attorneys*, for appellee.