## A01A0037. WILSON v. THE STATE.
(549 SE2d 418)

PHIPPS, Judge.

Convicted at a stipulated bench trial of possession of cocaine with intent to distribute and possession of more than one ounce of marijuana, Damon Wilson appeals the denial of his motion to suppress evidence of the drugs seized during a warrantless search of his car. He claims that the initial investigatory stop was illegal because it was based solely on a tip from an unreliable informant. We accept the trial court's finding that the informant was reliable and find that the investigatory stop was legal. We therefore affirm.

The following evidence was introduced at the motion to suppress hearing. On April 26, 1999, DeKalb County Police Detective Franklin received a tip from a confidential informant that a white Jeep Cherokee, license tag number 324 JLC, could be found immediately in the area of Redan Road and Covington Highway and that the Jeep would be carrying a large quantity of illegal drugs. The informant told Franklin that the Jeep would be occupied by two black males. When he received the tip, Franklin notified uniformed officers Becker and Frank that he would be moving into the area.

Approximately five minutes after receiving the tip, Franklin arrived at the area in his unmarked vehicle. Shortly thereafter, he saw a white Jeep Cherokee turning onto Redan Road from Holcombe Road, coming from the direction of Covington Highway. From behind the Jeep, he saw that the license tag number matched the one given by the informant, that the driver was a black male and that the passenger, who was reclined in the seat, also appeared to be male. Franklin testified that the driver repeatedly looked into his side view and rearview mirrors and turned around in his seat to watch the vehicles following him. Having confirmed most of the information given by the informant, Franklin instructed Officer Becker to perform an investigative stop of the vehicle.

Becker located the Jeep Cherokee, drove behind it and activated his blue lights. When the Jeep stopped, Becker, speaking through his public address system, asked the driver, whom he later identified as Wilson, to get out and go to the rear of the vehicle. Wilson complied with that request as well as Becker's request for his driver's license. Becker asked Wilson if there were any guns in the vehicle, and Wilson said, "yes." Wilson told Becker that the gun was located under the driver's seat. After patting Wilson down, Becker went to the driver's side of the vehicle, looked under the driver's seat and saw a gun and a bag of marijuana. When Wilson acknowledged that the gun and marijuana belonged to him, Becker placed him under arrest.

Becker then asked Officer Frank to conduct an open air search of the vehicle. After Wilson's passenger exited, Frank walked his dog

(trained in the detection of narcotics) around the outside of the vehicle. The dog "alerted" on the front driver's side and the front passenger's side of the vehicle and again in the backseat when he entered the vehicle. The officers found two bags of cocaine on the front passenger floorboard and a large amount of marijuana under the backseat.

The trial court found the source of the confidential information reliable and denied Wilson's motion to suppress, holding that "[t]he reliable confidential information received by the police coupled with Wilson's suspicious method of driving" was sufficient to authorize the investigative stop. The trial court also found that when Wilson admitted he had a weapon in the car, near where the passenger was seated, Becker had the right to retrieve the weapon for his own safety. While retrieving the gun from under the seat where Wilson told him it was located, Becker saw the marijuana under the seat, thereby justifying Wilson's arrest and the subsequent open air search of the vehicle.

When reviewing a trial court's ruling on a motion to suppress, we defer to the trial court's findings of fact unless they are clearly erroneous and construe the evidence in favor of the trial court's decision.[1]

Wilson challenges the legality of the investigatory stop of his vehicle.

> "Momentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment. An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing. (Cit.)" [Cit.][2]

Wilson claims that the trial court improperly found that the informant was reliable. He also contends that the informant's tip was insufficient to authorize the stop of his vehicle.

During the suppression hearing, Franklin testified on direct examination that the informant had given him information about possible illegal activity on two prior occasions and that both cases had resulted in arrests and the seizure of vehicles, cocaine and a

---

[1] *State v. Becker*, 240 Ga. App. 267 (523 SE2d 98) (1999).
[2] *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314) (1991).

large amount of U. S. currency. On cross-examination, however, he distinguished what he referred to as a "confidential source" from a "confidential informant." He testified that he felt it necessary to investigate and attempt to verify information received from a confidential source. He defined a confidential informant as a source of information whose reliability had been established over a period of time. He deemed information from a confidential informant to be reliable without direct investigation. Franklin testified that the information in this case came from a confidential source.

Construing the evidence most favorably to uphold the trial court's findings, as we must, we cannot say that its determination that the informant was reliable was clearly erroneous.[3]

Wilson argues that, regardless of the informant's reliability, the information given must provide some basis for predicting the future behavior of the suspect. This rule applies to an anonymous telephone tip,[4] but not to a tip from a known, reliable informant.[5] "The purpose of requiring that an anonymous tip give predictive information is to allow the police a means to test reliability before acting on the broader prediction that the suspect is engaged in criminal activity. Imposing such a requirement is unnecessary where . . . the informant's reliability is otherwise established."[6]

Wilson claims that the trial court improperly coupled his "suspicious method of driving" with the informant's tip in finding a legal basis for the investigatory stop. We agree that Wilson's method of driving did not support the trial court's decision to deny his motion to suppress, but nevertheless we find that the officers had a legal basis for the stop. Based on the detailed information given by the reliable informant and Franklin's subsequent verification of most of that information, the officers had a founded suspicion that Wilson's vehicle was carrying drugs. Thus, the brief, investigatory stop was justified.[7]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[3] See *Johnson v. State*, 230 Ga. App. 535, 536 (1) (496 SE2d 785) (1998) (informant found reliable because he had provided information that led to three prior arrests and/or seizures of drugs); *Rider v. State*, 222 Ga. App. 602 (475 SE2d 655) (1996) (confidential informant who had given information four previous times leading to two search warrants and five arrests was reliable); *Anthony v. State*, 197 Ga. App. 297, 298 (1) (398 SE2d 580) (1990) (informant deemed reliable because his information had resulted in three or four prior arrests).

[4] *VonLinsowe v. State*, 213 Ga. App. 619, 620-621 (1) (445 SE2d 371) (1994).

[5] *Rider*, 222 Ga. App. at 604.

[6] (Citation omitted.) Id.

[7] See *Samuel v. State*, 198 Ga. App. 558, 559-560 (1) (402 SE2d 325) (1991); *West v. State*, 194 Ga. App. 620, 621 (391 SE2d 673) (1990).

DECIDED MAY 9, 2001 

*Larry D. Wolfe,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Jennifer M. Daniels, Assistant District Attorneys,* for appellee.