A07A0831. THE STATE v. JONES.

(651 SE2d 186)

ELLINGTON, Judge.

The State petitioned to revoke Devon Jones's probation, asserting that he had committed various drug offenses in violation of his probation conditions. Jones subsequently moved to suppress the evidence supporting the underlying drug charges. The trial court granted the motion following a hearing and dismissed the revocation petition. The State appeals, arguing that the trial court erred in suppressing the evidence. We agree and reverse.

"When reviewing a trial court's order on a motion to suppress, this Court applies a de novo standard of review to the trial court's application of law to those facts that are not in dispute." (Citation omitted.) *State v. Simmons*, 283 Ga. App. 141 (640 SE2d 709) (2006). Our responsibility "is to ensure that there was a substantial basis for the [trial court's] decision." (Citation and punctuation omitted.) Id. at 143.

The undisputed facts show that on March 28, 2006, Officer Brad Smith of the Floyd County Sheriff's Department received a telephone call from a confidential informant with whom he and other officers had worked for four years. Smith testified that the source had provided accurate information in the past, resulting in several drug arrests.

The informant told Smith that an individual "driving a two-tone gray, Chevy pickup truck" with a "Devon Jones Pressure Washing" placard on the door would be leaving the South Rome area with a particular quantity of cocaine. Smith drove to the area, located the described truck at a gas station, and began surveillance. He observed Jones enter the truck, then drive away from the station. Smith immediately contacted another patrol officer in the area, Randy Kirkpatrick, and asked him to stop the truck. Kirkpatrick had a drug dog — or K-9 unit — in his patrol car. Smith followed Jones's truck until Kirkpatrick caught up with them and stopped Jones's truck.

Kirkpatrick asked Jones, who was in the driver's seat, to step out of the truck. While another officer stayed with Jones, Kirkpatrick performed a "free air" search by walking the dog around the truck. The dog alerted and gave an "odor response" to the driver's side door, and Kirkpatrick searched the truck, finding suspected cocaine. A further search revealed other suspected drugs and drug paraphernalia.

Jones moved to suppress all evidence seized from his vehicle, arguing that the confidential informant's tip did not authorize a warrantless search. The trial court agreed. In a written order, the court noted that the informant had "proved reliable by providing valid information in the past." It nevertheless suppressed the evidence, concluding that the tip, which lacked details regarding how the informant obtained the information, did not furnish probable cause for a warrantless search.

The officers, however, did not need probable cause to stop Jones's truck. On the contrary, a brief investigatory stop of a vehicle is justified by "specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." (Citations and punctuation omitted.) *Johnson v. State*, 230 Ga. App. 535, 537 (1) (496 SE2d 785) (1998). "Reasonable suspicion" is a less demanding standard than probable cause. See id.; see also *Alabama v. White*, 496 U. S. 325, 330 (110 SC 2412, 110 LE2d 301) (1990) (reasonable suspicion can be established "with information that is different in quantity or content than that required to establish probable cause"). And Georgia courts have found similar information from a reliable source sufficient to authorize an investigatory traffic stop. See *Steed v. State*, 273 Ga. App. 845, 846-847 (1) (616 SE2d 185) (2005) (a known, reliable informant told investigators that two men had purchased drugs in a

trailer park, were leaving in a gray "dually" pickup truck, and were driving on a certain road toward a specific intersection); *Wilson v. State*, 249 Ga. App. 560, 562 (549 SE2d 418) (2001) (a confidential source informed investigators that two men were transporting drugs in a specific area, and gave investigators the car's color, make, model, and tag number); *Johnson v. State*, 230 Ga. App. at 535 (a reliable confidential informant told investigators that the defendant had crack cocaine and was parked in a certain area, and gave investigators the van's color, make, model, and tag number).

The trial court found the confidential informant in this case to be reliable. This reliable source reported that a quantity of cocaine was located in Jones's truck. Officer Smith confirmed much of the source's information before the traffic stop, including the description of Jones's vehicle and its general location. Although these circumstances might not establish *probable cause*, they certainly gave the police reasonable suspicion to briefly detain Jones for investigatory purposes. See *Steed v. State*, 273 Ga. App. at 846-847; *Wilson v. State*, 249 Ga. App. at 562 (unlike a tip from an *anonymous* source, information provided by a known, reliable informant need not predict future behavior in order to provide reasonable, articulable suspicion for an investigatory stop).

Once the officers properly stopped Jones, Kirkpatrick's drug dog "alerted" to an odor in Jones's truck. This alert not only further corroborated the confidential source's information, it provided probable cause for a warrantless search of the vehicle and authorized seizure of the contraband found therein. *Noble v. State*, 283 Ga. App. 81, 83 (2) (640 SE2d 666) (2006); *State v. Simmons*, 283 Ga. App. at 143. The trial court, therefore, erred in finding the search invalid and suppressing the seized evidence. *State v. Simmons*, 283 Ga. App. at 143.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 15, 2007.

*Leigh E. Patterson, District Attorney, John A. Tully, Assistant District Attorney*, for appellant.
*Clarence R. Patton*, for appellee.