A08A0812. ALFORD v. THE STATE.
(667 SE2d 680)

MIKELL, Judge.

A Glynn County jury convicted Joel Alford, Jr., of trafficking in cocaine, and the trial court sentenced him to a term of 30 years, with 20 to serve and the rest on probation. Alford appeals the order denying his motion for new trial, arguing that the trial court erred in (1) denying his motion for mistrial based on the state's failure to "reveal the deal" with the confidential informant ("CI"), (2) admitting the CI's hearsay statements, (3) denying his motion to suppress the cocaine, and (4) denying his claim of ineffective assistance of counsel. Discerning no error, we affirm.

1. We first address Alford's contention that the trial court erred in denying his motion to suppress the cocaine.

When reviewing a trial court's ruling on a motion to suppress, [the] evidence is construed most favorably to uphold the findings and judgment. The court's findings of fact will not be disturbed if there is any evidence to support them. We consider evidence from both the motion to suppress hearing and the trial.[1]

So viewed, the evidence adduced on this issue shows that on August 10, 2005, at approximately 2:00 p.m., Charles Harris, Jr., a twenty-year veteran of the Glynn Brunswick Narcotics Enforcement

---

[1] (Citation and punctuation omitted.) *Dunn v. State*, 289 Ga. App. 585 (1) (657 SE2d 649) (2008).

Team, received a communication from a reliable CI that Alford would be driving to Magnolia Hill subdivision in one of three vehicles, all of which the CI described, carrying three to four ounces of cocaine. Harris testified that the CI had previously provided information leading to five or six felony arrests and at least one conviction and had never given information that proved to be untrue. According to Harris, the CI reported that the cocaine would be delivered to a residence located on a street intersecting Pinewood Avenue, and Harris posted investigators at the entrances to the subdivision. Alford was stopped at 3:12 p.m. in a red Chevrolet Beretta, which matched one of the descriptions given by the CI.

Officer Kevin Hopkins testified that he saw the vehicle with a driver matching Alford's description stopped at a traffic light in the subdivision. Hopkins, whose vehicle was behind Alford's, noticed that the tag decal on Alford's car was in the wrong place. After initiating a traffic stop, Hopkins approached the vehicle, and Alford exited it immediately. While Hopkins was speaking to Alford, Hopkins noticed a digital scale on the front seat of the car. Hopkins called for a canine officer, and Alford was detained for between five and eight minutes before the officer arrived with the drug dog. Hopkins testified that while waiting for the drug dog to arrive, Alford was visibly nervous; his hands and legs were shaking. The dog conducted a "free air" sniff and alerted on the passenger side and driver's side of the vehicle. Afterward, the vehicle was searched, and several large bags of cocaine were found on the front seat under a piece of paper. The cocaine weighed 121.31 grams.

At the conclusion of the suppression hearing, the trial court found that the information provided by the CI gave the officers reasonable grounds to stop and briefly detain Alford and that the subsequent warrantless search of the vehicle was supported by probable cause. The court did not enter a written order.

On appeal, Alford argues that the stop of his vehicle was pretextual and that the officer had no probable cause for the stop on the basis of the information provided by the CI. This argument fails, however, because the officers "did not need probable cause to stop [Alford's vehicle]. On the contrary, a brief investigatory stop of a vehicle is justified by 'specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct.' "[2] We have routinely held that specific information from a reliable, known informant is sufficient to authorize an investigatory traffic stop.[3] In this case, the

---

[2] *State v. Jones*, 287 Ga. App. 259, 260 (651 SE2d 186) (2007), citing *Johnson v. State*, 230 Ga. App. 535, 537 (1) (496 SE2d 785) (1998).

[3] See *Jones*, supra (reliable CI told officer that an individual driving a two-tone gray pickup truck with a certain placard on the door would be leaving a specific area with a

trial court credited Harris's testimony as to the reliability of the CI and found that the CI's report gave the police reasonable grounds to conduct the investigatory stop. Further, the known, reliable CI reported that Alford would be driving one of three vehicles, which the CI accurately described, in a specific subdivision near a particular street, carrying a specific quantity of cocaine. The police conducted surveillance and observed a vehicle matching a description given by the CI with a driver who also matched the CI's description. These circumstances were sufficient to give rise to a reasonable suspicion of criminal activity so as to authorize the investigatory stop.[4] Thereafter, Hopkins's observation of the digital scale, which he described as the type used to weigh drugs, in plain view on the front seat of the vehicle, "[gave] the [officer] . . . probable cause to search the car, as did the fact that the drug dog alerted to the passenger door after [he] arrived."[5] It follows that the trial court did not err in denying Alford's motion to suppress.

2. Alford complains that the trial court erred in denying his motion for mistrial based on the state's failure to "reveal the deal" with the CI before trial. We review the trial court's decision for abuse of discretion,[6] and we find none here.

Under *Brady v. Maryland*,[7] and *Giglio v. United States*,[8]

> the [s]tate is under a duty to reveal any agreement, even an informal one, with a witness concerning criminal charges pending against that witness, and a failure to disclose such an agreement constitutes a violation of the due process requirements of *Brady*, supra. *Giglio*, supra. In order to show that the [s]tate violated *Brady* by failing to reveal a deal with one of its witnesses, a defendant must show that the [s]tate possessed evidence of the deal; that the defendant did not possess the evidence nor could he obtain it himself with any reasonable diligence; that the [s]tate suppressed evidence of the deal; and that, had the evidence

---

particular quantity of cocaine); *Steed v. State*, 273 Ga. App. 845, 846 (1) (616 SE2d 185) (2005) (known, reliable informant told investigators that two men had purchased drugs in a trailer park, were leaving in a gray pickup truck, and were driving on a certain road toward a specific intersection); *Wilson v. State*, 249 Ga. App. 560, 562 (549 SE2d 418) (2001) (CI informed investigators that two men were transporting drugs in a specific area, and gave investigators the car's color, make, model, and tag number); *Johnson*, supra at 535 (a reliable CI told investigators that the defendant had crack cocaine and was parked in a certain area, and gave investigators the van's color, make, model, and tag number).

[4] *Jones*, supra; *Steed*, supra; *Wilson*, supra; *Johnson*, supra.

[5] (Citation omitted.) *Tanner v. State*, 281 Ga. App. 101, 104 (1) (635 SE2d 388) (2006).

[6] See *Smith v. State*, 276 Ga. 263, 265-266 (3) (577 SE2d 548) (2003).

[7] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

[8] 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972).

of the deal been disclosed to the defendant, there existed a reasonable probability that the result at trial would have been different. The burden is on the defendant to prove each of these elements.[9]

In the case at bar, Alford has not shown either (1) that he did not possess evidence of the CI's deal with the state, or could not have obtained it himself with reasonable diligence, or (2) that a reasonable probability of a different outcome existed had the state disclosed the deal sooner. The record reveals that Alford knew the CI's identity and had included him on the defense's witness list. The state moved in limine to prevent the CI from taking the stand for the sole purpose of asserting his Fifth Amendment privilege against self-incrimination. In responding to the motion, Alford stated that he expected the evidence to show that he was arrested on August 10, 2005, and that the case against the CI was dead-docketed on September 9, 2005. Defense counsel referred to these facts in his opening statement. During cross-examination of the first witness, a narcotics officer who investigated the incident, Alford elicited the CI's identity and the fact that he at one time had a pending charge of trafficking in cocaine. Alford also introduced into evidence certified copies of the CI's indictment for trafficking in cocaine and the order dead-docketing the charges. Even assuming, arguendo, that Alford was not aware of all circumstances surrounding the deal before trial, he has not shown that earlier disclosure would have benefitted him and that any delay deprived him of a fair trial.[10] The trial court did not abuse its discretion in denying the mistrial motion.

3. Alford complains that the admission of the CI's statements violated his Sixth Amendment right to confrontation. The record shows, however, that Alford objected only to the characterization of the CI as reliable, and the trial court sustained those objections. Accordingly, having failed to assert a confrontation clause objection at trial, Alford has waived it for the purpose of appellate review.[11]

4. Finally, Alford claims, for the first time on appeal, his conviction should be reversed and he should be granted a new trial because he received ineffective assistance of trial counsel. "It is

---

[9] *Ragland v. State*, 238 Ga. App. 664-665 (519 SE2d 757) (1999), citing *Burgeson v. State*, 267 Ga. 102, 104 (2) (475 SE2d 580) (1996); *Ferguson v. State*, 226 Ga. App. 681, 682-683 (2) (487 SE2d 467) (1997); *Zant v. Moon*, 264 Ga. 93, 100 (3) (440 SE2d 657) (1994).

[10] *Dennard v. State*, 263 Ga. 453, 454 (4) (435 SE2d 26) (1993), overruled in part on other grounds, *Sanders v. State*, 281 Ga. 36, 37 (1) (635 SE2d 772) (2006).

[11] *Jordan v. State*, 283 Ga. App. 85, 86 (2) (640 SE2d 672) (2006) (confrontation clause objection, as with any constitutional argument, waived by failure to assert it at trial).

axiomatic that a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment."[12] "The rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that that claim be raised before appeal if the opportunity to do so is available. If the claim is not raised at the earliest practicable moment, it is waived."[13] In the case at bar, appellate counsel argued Alford's motion for new trial but failed to raise an ineffective assistance of counsel claim. Therefore, this claim has been waived.[14]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 11, 2008.

*Ernest B. Gilbert*, for appellant.
*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.

---

[12] (Citation and punctuation omitted.) *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994).

[13] (Citation, punctuation and footnotes omitted.) *Chapman v. State*, 279 Ga. App. 200, 206 (3) (630 SE2d 810) (2006).

[14] See id.